**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cindy J. Colbert-Hock, | No. CV-19-00043-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Cindy J. Colbert-Hock's Amended Complaint (Doc. 36, Compl.), which she filed pursuant to the Court's order dismissing with leave to refile her first Complaint (Doc. 17). In this Order, the Court will also resolve three pending Motions to Join (Docs. 37, 38, 39).

The Court instructed Plaintiff that any Amended Complaint must meet the requirements of the Federal Rules of Civil Procedure, but Plaintiff's new Complaint fails to satisfy those requirements. Therefore, the Court will dismiss Plaintiff's Amended Complaint with leave to file a Second Amended Complaint by February 25, 2019, should she elect to do so.

Once again, the Court finds that Plaintiff's Complaint fails to satisfy the pleading requirements of Rule 8(a) of the Federal Rule of Civil Procedures because Plaintiff has not alleged enough for the Court to conclude it has subject matter jurisdiction. *See* Charles Alan Wright & Arthur R. Miller, *5 Fed. Practice & Procedure* § 1206 (3d ed. 2014). Despite the Court's explanation that 42 U.S.C. § 1983 provides for a cause of action only

against state officials who act "under color of state law," Plaintiff still names the United States as a defendant. *Thorton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005). The United States is not a state official and does not act under color of state law. Plaintiff alludes to *Bivens* actions, but those can only be brought against a federal official—not the United States as a whole. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (holding that federal officials may be sued for injury to a constitutionally protected interest).

Plaintiff has named state officials in place of the State of Arizona, but the majority of those state officials may not be sued in their lawmaking capacity. Legislators are absolutely immune from suit for conduct that is part of their official duties. *See Bogan v. Scott-Harris*, 523 U.S. 44, 48–49 (1998), *Supreme Court of Va. v. Consumers Union of the U.S., Inc.,* 446 U.S. 719, 732–33 (1980). In other words, Plaintiff may not sue Arizona state legislators for passing laws that regulate the prescription and use of opioids.

While Governor Doug Ducey and Arizona Attorney General Mark Brnovich may be named in their official capacities, Plaintiff's Amended Complaint does not allege how Defendants Ducey and Brnovich acted under color of state law. In fact, it does not allege what actions they took at all. In order to satisfactorily assert subject matter jurisdiction and to satisfy the pleading requirements under Rule 8(a), Plaintiff must provide specific allegations against each listed Defendant. A plaintiff may not collectively accuse multiple defendants of committing misdeeds through a failure to attribute any specific act to a specific defendant. Such group pleading fails to comply with Federal Rule of Civil Procedure 8(a)(2) because it does not give fair notice of the claims against each defendant with the requisite specificity. *Riehle v. Bank of America, N. A.*, No. CV-12-00251-PHX-NVW, 2013 WL 1694442, at \*2 (D. Ariz. Apr. 18, 2013). Plaintiff must allege specifically how Defendants Ducey and Brnovich violated her constitutional rights by acting under the color of state law. Until then, Plaintiff's Amended Complaint fails to satisfy both the Court's subject matter jurisdiction and the pleading requirements of the Federal Rules of Civil Procedure.

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *Lopez v. Smith*, 203 F.3d 1122, 1127–30 (9th Cir. 2000). Here, the Court will give Plaintiff another opportunity to amend her Complaint, but any Second Amended Complaint must meet the requirements of the Federal Rules of Civil Procedure and the Local Rules, as indicated above.

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Complaint (Doc. 36) is dismissed with permission to file a Second Amended Complaint by February 25, 2019, that complies with the provisions of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a Second Amended Complaint by February 25, 2019, the Clerk shall dismiss this action without further Order of this Court.

**IT IS FURTHER ORDERED** that, in the absence of an operative Complaint, all pending Motions to Join are moot. The Motion to Join by Patricia Y. Yost (Doc. 37), the Motion to Join by Melissa Jane Bazzy (Doc. 38), and the Motion to Join by Jessica Nicole Thompson (Doc. 39) are denied without prejudice.

Dated this 12th day of February, 2019.

Honorable John J. Tuchi
United States District Judge