**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cindy J. Colbert-Hock,<br><br>　　　　Plaintiff,<br><br>v.<br><br>United States of America, *et al.*,<br><br>　　　　Defendants. | No. CV-19-00043-PHX-JJT<br><br>**ORDER** |

At issue is *pro se* Plaintiff Cindy J. Colbert-Hock's Third Amended Complaint (Doc. 59, Compl.), which she filed pursuant to the Court's Order (Doc. 46) dismissing with leave to refile her Second Amended Complaint (Doc. 45).

The Court instructed Plaintiff that any Third Amended Complaint must meet the requirements of the Federal Rules of Civil Procedure, but Plaintiff's new Complaint fails to satisfy those requirements. Therefore, the Court will dismiss Plaintiff's Third Amended Complaint with leave to file a Fourth Amended Complaint by May 1, 2019, should she elect to do so.

Most of the deficiencies that the Court has previously identified in Plaintiff's Complaint are still present in this most recent iteration. For example, the Complaint still fails to provide the Court with a "clear demand for the relief sought," as required by Rule 8(a)(3). Plaintiff makes no connection between the alleged violations of law and her requested relief.

The Court requires a nexus between the actions that Plaintiff alleges to be illegal, the specific laws or constitutional provisions alleged to have been violated by each of those actions, and a remedy within the authority of the Court that Plaintiff seeks to address those violations. As it stands, Plaintiff's Complaint does not raise a case or controversy that the Court may adjudicate because the Court is unsure what relief Plaintiff seeks and under which laws or constitutional provisions she seeks it. For example, Plaintiff requests an "immediate injunction against pharmacists . . . being ordered to deny or change a licensed medical doctor's prescription." (Compl. at 20.) But Plaintiff does not indicate under what law such broad relief would be proper, how the actions being taken by pharmacists violate that specific law, or how injunctive relief would be permitted under said law. It is not sufficient to list various laws on pages 11 through 16 of her Complaint and then list alleged offenses on page 20 without making a connection between the specific actions taken by each Defendant, the law those actions allegedly violate, and the relief that Plaintiff seeks under said law.

Plaintiff adds United States Attorney General William Barr as Defendant to this Third Amended Complaint but does not explain how the relief she seeks is connected to Barr's alleged actions. Plaintiff once again lists the United States as a Defendant, but does not provide a cause of action under which the United States may be sued in its sovereign capacity. The Court has explained in its prior Orders that the United States is not a state official and does not act under color of state law, such that it cannot be sued under § 1983. *See Thorton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005). Further, Plaintiff is correct that she may maintain a cause of action for injunctive relief against an agency of the federal government without violating principles of sovereign immunity. *See* 5 U.S.C. §§ 701 *et seq.* Under the Administrative Procedure Act, a plaintiff may challenge an agency action when it misinterprets or exceeds the statutory authority vested in the agency by Congress. But Plaintiff fails to provide specific information about the agency action she believes to be unconstitutional or otherwise illegal. Lastly, Plaintiff attempts to bring a claim under the "Patriot Act," but the Court is not aware of any authority demonstrating

that the law provides for a private right of action. In short, none of the statutes in Plaintiff's laundry list of federal laws and principles provides for this Court's jurisdiction over a claim against the United States.

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *Lopez v. Smith*, 203 F.3d 1122, 1127–30 (9th Cir. 2000). Here, the Court will give Plaintiff one final opportunity to amend her Complaint, but any Fourth Amended Complaint must meet the requirements of the Federal Rules of Civil Procedure and the Local Rules, as indicated above.

**IT IS THEREFORE ORDERED** that Plaintiff's Third Amended Complaint (Doc. 59) is dismissed with permission to file a Fourth Amended Complaint by May 1, 2019, that complies with the provisions of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a Fourth Amended Complaint by May 1, 2019, the Clerk shall dismiss this action without further Order of this Court.

Dated this 20th day of March, 2019.

Honorable John J. Tuchi
United States District Judge