**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cindy J. Colbert-Hock, | No. CV-19-00043-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Cindy J. Colbert-Hock's Fourth Amended Complaint (Doc. 72, Compl.), which she filed pursuant to the Court's Order (Doc. 60) dismissing with leave to refile her Third Amended Complaint (Doc. 59).

In its March 20, 2019 Order, the Court gave "Plaintiff one final opportunity to amend her Complaint." (Doc. 60). The Court instructed Plaintiff that any Fourth Amended Complaint must meet the requirements of the Federal Rules of Civil Procedure, but Plaintiff's new Complaint fails to satisfy those requirements. Thus, the Court will dismiss Plaintiff's Complaint without leave to refile.

The Court acknowledges that Plaintiff has made several changes to the latest iteration of her Complaint, but those changes do not cure the deficiencies which the Court has identified in its last four Orders. The Complaint still fails to provide the Court with a "clear demand for the relief sought," as required by Rule 8(a)(3). While Plaintiff attempts to identify as the cause of her injuries actions taken by government agencies, she has yet to identify a federal law or constitutional provision under which the Court may grant relief.

For example, Plaintiff alleges that the Centers for Disease Control adopted a guideline for opioid prescription, and presumably she believes that this guideline has prevented her physicians from prescribing the medication that Plaintiff relies on for her pain management. While the Court sympathizes with this predicament, Plaintiff provides no cognizable cause of action with respect to the CDC or any of the other named agencies. Plaintiff lists the Administrative Procedure Act, several constitutional amendments, and various inapplicable federal statutes as the source of the Court's jurisdiction but does not sufficiently allege facts that would constitute a cognizable violation under any of them. As the Court explained in a prior Order, "[u]nder the Administrative Procedure Act, a plaintiff may challenge an agency action when it misinterprets or exceeds the statutory authority vested in the agency by Congress." (Doc. 46). But once again, Plaintiff fails to allege that the CDC has exceeded its statutory authority and asserts only that its guidelines are an example of government agencies "going rogue." Such broad, conclusory, and generalized allegations are not sufficient to confer jurisdiction on the Court. The same is true for her allegations against the Department of Justice, the Drug Enforcement Agency, and the Department of Veterans Affairs[1]—none of which she mentions in the text of her Complaint and refers to only in attached articles and letters.

As it stands, Plaintiff's Complaint does not raise a case or controversy that the Court may adjudicate because the Court is unsure what relief Plaintiff seeks and under which laws or constitutional provisions she seeks it. Further, in light of Plaintiff's repeated unsuccessful efforts to state a legal claim, the Court cannot find that Plaintiff is able to cure the defects in the Fourth Amended Complaint by amendment. Thus, the Court will dismiss Plaintiff's Fourth Amended Complaint with prejudice.

**IT IS ORDERED** dismissing Plaintiff's Fourth Amended Complaint (Doc. 72) with prejudice.

**IT IS FURTHER ORDERED** directing the Clerk to close this case.

---

[1] Further, Plaintiff does not make clear how she is affected by actions of the Department of Veterans Affairs, as she does not mention having status as a veteran of the armed forces or having availed herself of the VA's services at any point during her medical treatment.

1

2     **IT IS FURTHER ORDERED** that because this case has been closed, Nancy

3 Taggerty's Motion to Join (Doc. 73) is denied as moot.

4     Dated this 9th day of May, 2019.

5

6                           Honorable John J. Tuchi
                          United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28